FRANZ MARENGHI & another[1] *vs.* MOBIL OIL
CORPORATION.

Middlesex. February 9, 1995. - May 16, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Massachusetts Oil and Hazardous Material Release Prevention Act. Hazardous Materials.*

In an action brought pursuant to G. L. c. 21E, the Massachusetts Oil and
Hazardous Material Release Prevention Act, seeking recovery of
cleanup costs incurred as a result of the release of pollutants that
caused contamination, the plaintiff did not demonstrate either that the
defendant was legally responsible for the release [373-374] or that the
defendant's conduct caused the release that caused the contamination
[374], within the meaning of G. L. c. 21E, § 5 (*a*) (5); consequently
the judge correctly entered summary judgment in favor of the
defendant.

CIVIL ACTION commenced in the Superior Court Department on February 5, 1990.

Following the decision of this court in 416 Mass. 643 (1993), the case was reconsidered by *Patrick F. Brady*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael P. Murphy* for the plaintiffs.

*Robert M. Gault* for the defendant.

LYNCH, J. The plaintiffs' action under G. L. c. 21E (1992 ed.), the Massachusetts Oil and Hazardous Material Release Prevention Act, against the defendant was previously before us. See *Marenghi* v. *Mobil Oil Corp.*, 416 Mass. 643 (1993). There a judge in the Superior Court had awarded summary

---

[1] Immacolata Marenghi.

judgment in favor of the defendant, holding that "[i]n the absence of a specific duty, by contract or otherwise, to take certain steps to prevent leaks [from the tanks], it cannot be said that [the defendant] 'caused' the release within the meaning of c. 21E, § 5 (*a*) (5). Otherwise, liability would arise from mere ownership, a result not intended by the Legislature." After transferring the case to this court on our own motion, we vacated summary judgment in favor of the defendant and remanded the case to the Superior Court for further findings on the issue of causation under § 5 (*a*) (5).[2] On remand, the Superior Court judge found no basis on which to impose liability on the defendant under § 5 (*a*) (5), and again allowed the defendant's motion for summary judgment. The plaintiffs appealed, and we again transferred the case to this court on our own motion. There was no error.

General Laws c. 21E, § 5 (*a*), sets out five categories of persons responsible for response costs incurred as the result of releases that result in contamination.[3] If a person falls into any of these five categories, the statute imposes liability "without regard to fault." Since this case involves a release

[2]On remand, we directed the parties and the Superior Court to focus on the issue "whether the fact that oil spilled which a defendant had brought onto a site and stored there in its tanks is sufficient to establish [causation] under G. L. c. 21E, § 5 (*a*) (5)." *Marenghi* v. *Mobil Oil Corp.*, 416 Mass. 643, 647 (1993).

[3]General Laws c. 21E, § 5 (*a*) (1992 ed.), states in pertinent part: "Except as otherwise provided in this section, (1) the owner or operator of a vessel or a site from or at which there is or has been a release or threat of release of oil or hazardous material; (2) any person who at the time of storage or disposal of any hazardous material owned or operated any site at or upon which such hazardous material was stored or disposed of and from which there is or has been a release or threat of release of hazardous material; (3) any person who by contract, agreement, or otherwise, directly or indirectly, arranged for the transport, disposal, storage or treatment of hazardous material to or in a site or vessel from or at which there is or has been a release or threat of release of hazardous material; (4) any person who, directly, or indirectly, transported any hazardous material to transport, disposal, storage or treatment vessels or sites from or at which there is or has been a release or threat of release of such material; and (5) any person who otherwise caused or is legally responsible for a release or threat of release of oil or hazardous material from a vessel or site, shall be liable, without regard to fault."

of oil, we look only to § 5 (*a*) (1) and § 5 (*a*) (5) to determine whether the defendant is responsible for the response costs incurred. *Griffith* v. *New England Tel. & Tel. Co., ante* 365, 369-370 (1995). Moreover, the defendant cannot be held liable under § 5 (*a*) (1) because the defendant is not the present owner of the tanks or the site where the release occurred. Therefore, to be successful, the plaintiffs must demonstrate that the defendant either caused the contamination or was legally responsible for the contamination.

1. *Legal responsibility.* The plaintiffs contend that the defendant was legally responsible for the release that caused the contamination. We disagree. The defendant leased the tanks to the plaintiffs' predecessors pursuant to a series of equipment loan agreements. These agreements specifically defined the defendant's repair and maintenance duties with respect to the tanks, and provided that the defendant's obligation to repair the tanks would be triggered only on notice of the need for repairs.[4] Cf. *Griffith* v. *New England Tel. & Tel. Co., supra* (lease provided that defendant, as lessee, responsible for maintaining leased premises; however, underground tanks not specifically included in lease's definition of term "premises"). In 1977, the plaintiffs' predecessors notified the defendant that one of its tanks could be leaking. The defendant promptly investigated the leak, removed the tank, repaired the leak, and reinstalled the tank. The defendant complied with its contractual obligations in 1977 with respect to the leaking tank. There is nothing in the equipment loan agreement to suggest that the defendant had any duty of preventive maintenance nor was there any evidence that the defendant did not fulfil its duties under the equipment

---

[4]The equipment loan agreement states in pertinent part that "[the defendant] shall make repairs deemed necessary by it to keep the equipment in good operating condition provided the necessity therefore is due to ordinary wear or to damage by the elements. [The defendant's] obligation to repair shall not arise until (a) [the defendant] is notified that the item in question is not in good operating condition and (b) [the defendant] shall have determined in its uncontrolled discretion and within a reasonable period that the necessity for repair is due to a clause referred to above."

loan agreement. We conclude that the plaintiffs have not established that the defendant was legally responsible for the release.

2. *Causation.* We have stated that, to impose liability under § 5 (*a*) (5), a plaintiff first must establish both that the defendant caused the release and that the release caused the contamination. See *Griffith* v. *New England Tel. & Tel. Co., supra* at 369. We have this day reiterated that, to establish that the defendant caused the leak under § 5 (*a*) (5), there must be more than what would establish liability under § 5 (*a*) (2), (3), and (4), otherwise the provisions dealing with petroleum pollution would be unnecessary. *Griffith* v. *New England Tel. & Tel. Co., supra.* The judge found that "[t]he record does not reflect why the tank leaked. Presumably the tank simply wore out and sprung a leak. There is no specific evidence (by expert testimony or otherwise) that [the defendant] could have or should have done anything to have prevented the leak. There is no evidence that it is unreasonable to use such a tank for over 22 years."[5] What is lacking is any evidence, for example, that the tank was improperly installed, or that it was left in the ground for an unreasonable period of time. Therefore, we agree that there was no showing that the defendant's conduct caused the release. Evidence that the property was contaminated by oil which the defendant brought to the premises and which had been stored there by the prior owner is insufficient, by itself, to hold the defendant liable under § 5 (*a*) (5).[6]

*Judgment affirmed.*

[5]Federal law now requires leak detection devices, tank testing, and other systems for detecting releases of oil from an underground tank. In the future, failure to comply with these provisions of Federal law also might warrant imposition of liability under § 5 (*a*) (5).

[6]We stated in *Marenghi* v. *Mobil Oil Corp., supra* at 646, that "the plaintiffs did not offer any affidavits, depositions, or other document supporting their allegation that [the defendant] caused the release." From the record before us, it does not appear that the plaintiffs have provided any new evidence on this issue on remand.