Kottmyer, J.
This matter is before the court on Defendants’ motion for Summary Judgment. Plaintiffs Webber Lumber Supply Company, Inc. (“Webber”) and Trucklease Corporation (“Trucklease”) brought this action against Defendants Gold Star Associates, Inc., William H. Sawyer and the Gold Star Liquidation Trust (collectively “Gold Star”) in their capacity as prior owners of certain real estate located in Worcester, Massachusetts (“Site”) pursuant to Massachusetts General Laws Chapter 2 IE. In December 1987, when the suit was filed, Webber was the owner of the site. Trucklease Corporation was a lessee on the site. Gold Star filed a third-party complaint against Sawyer Oil, Inc. (“Sawyer Oil”), a former lessee of the site. Defendants moved for summary judgment, claiming the statute does not impose liability on prior owners of real estate contaminated by oil absent proof of causation. For following reasons, Defendants’ motion for summary judgment is GRANTED.
BACKGROUND
This case involves a claim for the cost of clean-up of No. 2 Heating Oil from a site on Gold Star Boulevard, Worcester, Massachusetts'. In 1989, Defendants filed motions for summary judgment. The motions were heard by this court in June 1989, but no decision on the motions was rendered.[2] Since 1989, one of the defendants, William Webber, has died. Webber has apparently filed for bankruptcy and is no longer in operation.
Since these motions were first argued, the Supreme Judicial Court has held that to establish liability of prior owners under M.G.L.c. 21E, §5(a)(5) a plaintiff must establish both that the defendant caused the release and that the release caused the contamination. Griffith v. New England Tel. & Tel., Co., 420 Mass. 365, 369-70 (1995). At a hearing on Friday, September 22, 1995, this court granted Plaintiffs leave to conduct further limited discovery on the issue of causation. The additional discovery gave rise to no additional facts on the issue of causation and the matter is .therefore ripe for decision.
STANDARD
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-7 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to *50 be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions or disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
Massachusetts General Laws Chapter 2IE, §5(a) establishes five categories of persons liable for release or threat of release of hazardous materials. Because the alleged contamination is from oil alone and the defendants are prior owners and operators of the Site, only category (5) imposing liability on any person who “caused or is legally responsible for a release or threat of release of oil” is relevant to this case. See M.G.L.c. 21E, §5(a)(l) and (5).[3]
The Supreme Judicial Court recently articulated the standard of proof for claims under M.G.L.c. 21E, §5(a)(5). In Griffith v. New England Telephone and Telegraph Co., supra, the Court stated that to impose liability under M.G.L.c. 21E, §5(a)(5):
[A]ctual proof of causation is needed, rather than mere evidence of site operation or ownership . . . Furthermore, it is clear from the statute’s different treatment of petroleum releases that there must be more than a showing that the Defendant previously owned the site, brought oil onto the property, and stored oil on the property to establish causation.
Griffith v. New England Telephone and Telegraph Co., 420 Mass. at 369. Further, in Marenghi v. Mobil Oil Corp., 420 Mass. 371, 375 (1995), the Court held:
Evidence that the property was contaminated by oil which the Defendant brought to the premises and which had been stored there by the prior owner is insufficient, by itself, to hold the defendant liable.
In the present case, the plaintiffs have shown only prior ownership and operation and have therefore failed to meet their burden. Because Plaintiffs have adduced no evidence on the issue of causation under Griffith, Defendants are entitled to summary judgment. See Marenghi, supra at 374 (n. 6) (no liability where plaintiffs offered no affidavits, depositions or other documentation to support their allegation that defendant caused the release).
ORDER
For the foregoing reasons it is hereby ORDERED that the Defendants’ motion for summary judgment is ALLOWED.

The motions were initially heard by O’Neil, J., who died before issuing a decision.

Under G.L.c. 21E, §5(a), strict liability is imposed upon
(1) the owner or operator of a vessel or a site from or at which there is or has been a release or threat of release of oil or hazardous material;
(2) any person who at the time of storage or disposal of any hazardous material owned or operated any site at or upon which such hazardous material was disposed of and from which there has been a release or threat of release of hazardous material;
(3) any person who by contract, agreement or otherwise, directly or indirectly, arranged for the transport, disposal, storage or treatment of hazardous material to or in a site or vessel from which there is or has been a release or threat of release of hazardous material; and
(4) any person who, directly or indirectly, transported any hazardous material to transport, disposal, storage or treatment vessels or sites from or at which there is or has been a release or threat of releases of such material.

 Burton Chandler and John E. Hodgsen, as Trustees of Gold Star Liquidation Trust.